# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARDENT SERVICES | CIVIL ACTION |
| VERSUS | NO: 07-3663 |
| PACIFIC INVESTMENTS-NOLA, LLC AND LAKESIDE HOTELS, LLC | SECTION: "C" (4) |

## ORDER AND REASONS

Before the Court is plaintiff's Motion for Default Judgment. (Rec. Doc. 47). Defendants have not filed a response. This matter was taken under advisement on the pleadings. Based on the record, the law, and plaintiff's memorandum, the Court GRANTS IN PART AND DISMISSES IN PART WITHOUT PREJUDICE plaintiff's motion for the following reasons.

The Court accepts the well pleaded allegations of facts of the complaint on motion for default judgment. *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200 (5th Cir.1975). Conduct on which liability is based may be taken as true as a consequence of the default. *Frame v. S-H, Inc.*, 967 F.2d 194 (5th Cir.1992). A plaintiff is not entitled to default judgment as a matter of right. J.W. Moore, 10 *Moore's Federal Practice* § 55.20[2] (1997). According to Wright & Miller, an application under Rule 55(b)(2) requires the district judge to exercise "sound discretion" in determining whether judgment should be entered. C. Wright, A. Miller & M. Kane, 10 *Federal Practice & Procedure: Civil* 2d § 2685 (1997). Among the factors the Court can consider in determining whether to enter a default judgment is the amount of money involved and whether the

court "thinks it later would be obliged to set aside the default on defendant's motion." *Id.* In addition, the default judgment may not be "different in kind from or exceed in amount that prayed for" in plaintiff's complaint. Fed. R. Civ. P. Rule 54(c)

The plaintiff seeks to recover for repair work performed at "Studio Lodge, 1300 Veterans Memorial Boulevard" in Kenner, Louisiana. Plaintiff alleges the outstanding balance as to Pacific Investments-NOLA, LLC for this repair work is $170, 281.84. The supporting documentation includes invoices, which according to the complaint were never paid, totaling $155,404.70, as well as an invoice for $32,231.90, of which plaintiff claims only $14, 877.14 is outstanding. (Rec. Doc. 1 at 2.) However, the invoices are all addressed to Studio Lodge, not Pacific Investments-NOLA, LLC. Similarly, plaintiff's project proposal is addressed to Studio Lodge. In short, the record does not contain any evidence that Pacific Investments-NOLA, LLC is responsible for the debts of Studio Lodge.[1]

The plaintiff also seeks to recover $10,000 from Lakeside Hotels, LLC. Lakeside Hotels, LLC wrote two checks to plaintiff for a total of $10,000, but the checks were returned for insufficient funds. (Rec. Doc. 47, Ex. 3.) The Court accepts the facts as alleged in the complaint, namely that Lakeside Hotels, LLC owed the funds for repair work performed. The amount sought, $10,000, is the same amount sought in the complaint. Plaintiff also provides sufficient evidence that the checks were indeed returned for insufficient funds. (Id.) Plaintiff also seeks reasonable attorney's fees, judicial interest, and costs.

Accordingly,

**IT IS ORDERED that plaintiff's Motion for Default Judgment (Rec. Doc. 47) is**

---

[1] There is actually one piece of evidence, defendants' answer to the complaint, but this was stricken from the record upon motion of the plaintiff. (Rec. Doc. 41)

**GRANTED with respect to Lakeside Hotels, LLC for the amount of $10,000.** Without commenting on the sufficiency of the evidence presented or the recoverability of any attorney's fee, the plaintiff is advised that any attorney's fee must be specified so as to support a finding of reasonableness. The Court will entertain evidence of attorney's fees, costs, and interest upon motion and briefing by the plaintiff.

**IT IS FURTHER ORDERED that plaintiff's Motion for Default Judgment as to Pacific Investments-NOLA, LLC (Rec. Doc. 47) is DISMISSED WITHOUT PREJUDICE to re-urging upon the submission of evidence and briefing in accordance with this Order.**

New Orleans, Louisiana, this 30th day of March, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**