# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARDENT SERVICES | CIVIL ACTION |
| VERSUS | NO: 07-3663 |
| PACIFIC INVESTMENTS-NOLA, LLC AND LAKESIDE HOTELS, LLC | SECTION: "C" (4) |

## ORDER AND REASONS

Before the Court is plaintiff's Motion for Default Judgment. (Rec. Doc. 56). Defendants have not filed a response. This matter was taken under advisement on the pleadings. Based on the record, the law, and plaintiff's memorandum, the Court GRANTS plaintiff's motion for the following reasons.

Plaintiff's motion seeks default judgment against defendant Pacific Investments-NOLA, LLC (hereinafter "Pacific Investments".) In a previous order, this Court granted default judgment against the other named defendant in this case, Lakeside Hotels. (Rec. Doc. 52.) The Court also denied default judgment as to Pacific Investments because plaintiffs had failed to introduce evidence that the entity listed on plaintiff's invoices, Studio Lodge, was related to Pacific Investments, the named defendant. (Rec. Doc. 52, 53.) Plaintiff now resubmits his motion for default judgment against Pacific Investments with additional documentation.

The Court accepts the well pleaded allegations of facts of the complaint on motion for default judgment. *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200 (5th Cir.1975).

Conduct on which liability is based may be taken as true as a consequence of the default. *Frame v. S-H, Inc.*, 967 F.2d 194 (5th Cir.1992). A plaintiff is not entitled to default judgment as a matter of right. J.W. Moore, 10 *Moore's Federal Practice* § 55.20[2] (1997). According to Wright & Miller, an application under Rule 55(b)(2) requires the district judge to exercise "sound discretion" in determining whether judgment should be entered. C. Wright, A. Miller & M. Kane, 10 *Federal Practice & Procedure: Civil* 2d § 2685 (1997). Among the factors the Court can consider in determining whether to enter a default judgment is the amount of money involved and whether the court "thinks it later would be obliged to set aside the default on defendant's motion." *Id.* In addition, the default judgment may not be "different in kind from or exceed in amount that prayed for" in plaintiff's complaint. Fed. R. Civ. P. Rule 54(c)

The plaintiff seeks to recover for repair work performed at "Studio Lodge, 1300 Veterans Memorial Boulevard" in Kenner, Louisiana. Plaintiff alleges the outstanding balance as to Pacific Investments-NOLA, LLC for this repair work is $170, 281.84. The supporting documentation includes invoices, which according to the complaint were never paid, totaling $155,404.70, as well as an invoice for $32,231.90, of which plaintiff claims only $14, 877.14 is outstanding. (Rec. Doc. 1 at 2.) Although the invoices are all addressed to Studio Lodge, plaintiff provides evidence that Pacific Investments is the owner of Studio Lodge.[1] The Court accepts the facts as alleged in the complaint, namely that Pacific Investments owed the funds for repair work performed. The amount sought, $170, 281.84, is the same amount sought in the complaint. Plaintiff also provides sufficient evidence that the checks were indeed returned for insufficient funds. (Id.) Plaintiff also seeks judicial interest and costs.

---

[1] Plaintiff's evidence includes a letter by Ajith Abraham, General Manager of Studio Lodge, noting that Pacific Investments is the owner of Studio Lodge. (Rec. Doc. 56-6 at 4.)

2

Accordingly,

**IT IS ORDERED that plaintiff's Motion for Default Judgment (Rec. Doc. 56) is GRANTED with respect to Pacific Investments-NOLA, LLC for the amount of $170, 281.84.**

The Court will entertain evidence of costs and interest upon motion and briefing by the plaintiff.

New Orleans, Louisiana, this 15th day of July, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**