# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| ARDENT SERVICES | CIVIL ACTION |
|---|---|
| VERSUS | NO: 07-3663 |
| PACIFIC INVESTMENTS-NOLA, LLC AND LAKESIDE HOTELS, LLC | SECTION: "C" (4) |

## ORDER AND REASONS

Before the Court is plaintiff's Motion for Award of Attorney's Fees, Costs, and Damages. (Rec. Doc. 55.) In separate orders, plaintiff was previously granted default judgment against Lakeside Hotels, LLC (Rec. Doc. 52) and Pacific Investments-NOLA, LLC (hereinafter "Pacific Investments")(Rec. Doc. 59.) This Court noted that it would "entertain evidence of attorney's fees, costs, and interest upon motion by the plaintiff." (Rec. Doc. 52; see also Rec. Doc. 59.) Based on the memorandum by plaintiff, the record in this case and the applicable law, the Court DENIES plaintiff's motion for the following reasons.

**Damages**

As to damages, plaintiff seeks additional damages against defendant Lakeside Hotels, LLC under Louisiana statute. La. R.S. 2782 provides that "the drawer shall be liable to the payee . . . for damages of twice the amount so owing, but in no case less than one hundred dollars plus attorney fees and court costs" and requires the following elements:

      1) Written demand containing a notification of dishonor and setting forth the penalties for failure to pay;
      2) Delivery by certified or registered mail;
      3) Demand mailed to the drawer of the check at the address shown on the instrument;
      4) Proof of receipt; and
      5) Nonpayment within fifteen days of receipt of written demand.

*Cole Builders, LLC v. J & J Properties of West Monroe, LLC*, 961 So.2d 569, 571 (La.App. 2 Cir. 2007). Plaintiff submits the two checks by Lakeside Hotels returned for insufficient funds. (Rec. Doc. 55-6 at 1.) Plaintiff has also provided evidence of a written demand to defendant Lakeside Hotels, LLC, dated May 22, 2007 and mailed to the defendant via certified and registered mail on May 23, 2007[1], (Rec. Doc. 55-6 at 3, 4) and proof of receipt. (Rec. Doc. 55-6 at 4.)

      Nevertheless, the Court may not grant plaintiff these additional statutory damages pursuant to plaintiff's action for default judgment. Under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." The Fifth Circuit has held that "Rule 54(c), and for that matter fundamental fairness, dictate that a judgment by default operates as a deemed admission only as to the relief requested in the complaint." *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992). Plaintiff's complaint against Lakeside Hotels, LLC does not claim or reference statutory damages. (See Rec. Doc. 1). Plaintiff's complaint states "Ardent is entitled to $10,000 together with attorney's fees and court costs." Accordingly, plaintiff's claim for statutory damages against Lakeside Hotels, LLC is DENIED WITH PREJUDICE.

---

[1] The letter was mailed to the same address as that listed on defendant's check, except that a slightly different zip code was used for the demand letter. Defendant's check listed the zip code for the city of Hope Hull, AL as 30643 but plaintiff mailed the letter to zip code 36043. The United Postal Service website confirms that the correct zip code for Hope Hull, AL is 36043 and that the zip code listed on defendant's check, 30643, applies for addresses in Hartwell, GA.

**Attorney's Fees and Costs**

As to attorney's fees and costs, in *Newport Ltd. v. Sears, Roebuck & Co.*, 1995 WL 688799 (E.D.La.), Judge Duval recognized the general rule in Louisiana that attorney's fees are recoverable only when authorized by statute or contract. Under La. R.S. 2782, plaintiff is entitled to attorney's fees and costs as to Lakeside Hotels, LLC. However, plaintiff fails to indicate his legal basis for seeking attorney fees, whether in statute or contract, as to Pacific Investments.[2]

In addition, the plaintiff has failed to distinguish the costs and fees between defendants. Plaintiff submitted this motion when this Court had granted default judgment only as to one of the defendants, namely Lakeside Hotels, LLC. Nevertheless, plaintiff did not distinguish the actual costs incurred in prosecuting this action between the two defendants. It is also unclear whether the attorney's fees requested in the motion pertain to both defendants or only one.[3] In light of plaintiff counsel's failure to indicate the legal basis of his claim for attorney's fees against Pacific Investments and also to distinguish his fees appropriately, the Court DENIES plaintiff's request for fees and costs without prejudice to re-urging.

**Conclusion**

Accordingly,

IT IS ORDERED that plaintiff's Motion for Award of Attorney's Fees, Costs, and Damages.

---

[2] The Court notes that the cover letter of plaintiff's proposal to defendant is in the record, the letter also references "Terms and Conditions" that are not in the record.

[3] For example, the attorney lists fees relating to filing the complaint (which includes both defendants) and also fees related to reviewing a demand from defendant Pacific Investments on August 8, 2007. At the time the motion seeking attorney fees was filed, the Court had not yet granted default judgment against Pacific Investments.

(Rec. Doc. 55) is hereby DENIED WITH PREJUDICE as to plaintiff's claim for statutory damages and WITHOUT PREJUDICE as to plaintiff's claim for attorney's fees and costs.

IT IS FURTHER ORDERED that plaintiff shall file a motion for attorney's fees and costs no later than August 4, 2009. The motion shall be set for hearing without oral argument on August 19, 2009.

New Orleans, Louisiana, this 15th day of July, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**